IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAUL PALMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MIDLAND FUNDING, LLC, and ) | |
| MIDLAND CREDIT MANAGEMENT, ) | Jury Trial Demanded |
| INC., ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendant in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff Paul Palmer (hereinafter referred to as "Plaintiff") is a natural person who resides in Knox County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding, LLC, (hereinafter "Defendant Midland Funding") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that maintains Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312, as its registered agent for service of process.

1

6. Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland Credit")is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that maintains Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by Chase Bank USA, NA (hereinafter "Chase").

8. After default, Defendant Midland Funding and/or Defendant Midland Credit purchased the debt for purposes of collection from Plaintiff.

9. Defendants are engaged in the business of purchasing defaulted consumer debts and attempting to collect them by telephone calls, collection letters, credit reporting and collection lawsuits.

10. At the time of Charge Off, on or around January 31, 2012 the balance owing on the alleged Chase account was $8,176.43.

11. On or about November 9, 2015, Defendant Midland Funding filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). C*opy of November 9, 2015 collection lawsuit filed as Exhibit 1 to this Complaint.*

12. The lawsuit alleged that the balance owing on the account was $8,176.43 as of January 31, 2012. *See Ex. 1, pg. 1.*

*December 17, 2015 Experian Credit Report*

13. Experian is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

14. Plaintiff obtained a copy of his Equifax credit report dated December 17, 2015, that Defendant Midland Funding was communicating information to Experian that Plaintiff owed the alleged debt with the amount past due and owing increasing from $9,706 in December 2013 to $10,522 in March 2015. *Copy of relevant credit report pages printed December 17, 2015 filed as Exhibit 2.*

15. The credit report further showed that the original amount of the debt was $8,176. *See, Ex. 2, pg 3.*

*Attempting To Collect Interest and/or Fees Waived By Original Creditor*

16. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

17. Charge-off means that the credit card receivable is no longer carried on a bank's books as an asset.

18. Upon information and belief, Chase charged off the debt sometime around January, 2012.

19. On information and belief, Chase, from which Defendants allegedly purchased the debt, did not charge interest after charge-off.

20. On information and belief, it is the policy and practice of Defendants to add interest and/or fees to debts for the period prior to the date on which it claims to have purchased them, even if the original creditor of the debt did not add interest during that period.

21. On information and belief, Chase intentionally did not charge interest or fees after charge-off of the debt Defendants allegedly purchased.

22. On information and belief, the standard form credit card agreements used by Chase provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

23. On information and belief, as a standard practice, and for a variety of sound business reasons, Chase waives interest and/or fees on credit card debts after charge-off for as long as it holds the debt.

24. On information and belief, Chase, which in accordance with standard business practices, waived interest and/or fees on Plaintiff's credit card debt, after charge-off.

25. If Chase waived the right to add interest and/or fees post-charge-off, Defendants acquired the debt (if at all) subject to that waiver.

26. On information and belief, the amount of the debt Defendants allegedly purchased from Chase did not include post-charge off interest.

27. On information and belief, Defendants paid a price for the alleged debt it allegedly purchased based on the balance stated by Chase.

28. On information and belief, it is Defendants standard practice, after paying a price based on an amount that does not include post-charge off interest and/or fees, to seek collection of post-charge off, pre-acquisition interest and/or fees not charged by the original creditor.

29. Defendants were not entitled to collect any interest or fees Chase did not actually charge during the time when Chase owned the debt.

30. By adding interest and/or fees to the amount of alleged debt allegedly purchased from Chase that had not been added by Chase after charge-off, Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

31. Further, Defendants engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), by adding or attempting to collect unauthorized interest and/or fees to the alleged debt of Plaintiff.

*Summary*

32. The above-detailed conduct by the Defendant in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. ***U.S. Const. amend. 7; Fed.R.Civ.P. 38.***

**CAUSES OF ACTION**

**COUNTS I-VII.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)**

34. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

36. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNTS I-VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant, and for Plaintiff; and

- for such other and further relief as may be just and proper.

1/26/16                                                          Respectfully submitted,

**PAUL PALMER**

/s/     Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com
Attorney for Plaintiff